# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**TAMMY LINDSLEY**                                                             **PLAINTIFF**

v.                                    No. 1:11-cv-92-DPM

**MICHAEL ASTRUE, Commissioner of**
**Social Security Administration**                                          **DEFENDANT**

## ORDER

When Tammy Lindsley was serving in the Marine Corps, a drunk driver hit her vehicle, severely fracturing her pelvis. Five years later, she suffered a thoracic compression fracture. She developed a knee problem about five years later. Although the first, most-serious injury occurred in 1985, all of these injuries have resulted in chronic pain. Lindsley filed concurrent claims for Social Security Disability and SSI benefits in May 2009. The claims were denied initially and upon reconsideration. After a hearing, the Administrative Law Judge concluded that Lindsley was not entitled to any disability benefits because she could still perform light work. The Appeals Council denied Lindsley's request for review, so she has fully exhausted her administrative remedies. Lindsley now challenges the sufficiency of the record supporting the denial of the benefits she sought. Specifically, Lindsley

says the ALJ improperly determined that she could perform light work, including her past work as a cashier, and that her testimony was not credible.

The Court declines Lindlsey's invitation to re-weigh the evidence. When the Court reviews the decision of the ALJ, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance but enough that a reasonable person would find it adequate to support the decision." *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011). This Court considers all the evidence, but it will not reverse simply because the evidence could also support a contrary conclusion. *Ibid.* Though, as Lindsley presses, some of the medical evidence and opinions in the record support her position, it is not enough to tip the scales in her favor.

For example, the Veteran Administration's determination that Lindsley is 20% disabled does not determine disability before the Commissioner, though, of course, it is a fact favoring Lindsley's claim. *Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1996). Taking the whole record into account, substantial evidence supports the ALJ's decision that she is able to perform her past light work as a cashier or other light work described by the

vocational expert. And to the extent Lindsley challenges the ALJ's credibility analysis, the ALJ properly analyzed Lindsley's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) and related authority.

The record shows that Lindsley's residual pain from her injuries was controlled with medications during the relevant period. She returned to work as a heavy equipment operator for a time in 2008. Then she applied for unemployment benefits, which she could not obtain without confirming that she was capable of returning to her past work. *Johnson v. Chater*, 108 F.3d 178, 179-80 (8th Cir. 1997). Not all pain is disabling, and the fact that Lindsley cannot work without some pain or discomfort does not entitle her to disability benefits. *Moad v. Massanari*, 260 F.3d 887, 891 (8th Cir. 2001). And impairments that medication can control are not disabling. *Wilson v. Chater*, 76 F.3d 238, 241 (8th Cir. 1996); *Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1996).

Although Lindsley claims it is not, her work as a cashier is past relevant work because she performed it within the last 15 years, her activity level was substantially gainful, and she worked long enough to learn how to do it. 20 C.F.R. §§ 404.1565, 416.965. In addition to the analysis of the facts on record,

the ALJ properly consulted the vocational expert to determine which jobs would be appropriate for someone with Lindsley's limitations, including inability to sit or stand for prolonged periods. *Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003). The expert advised that someone with her limitations would still be able to perform light work, such as a cashier job. Lindsley's high school education with some college and vocational training may even allow her to pursue jobs that require more skilled work that accommodates her physical limitations.

The Court also defers to the ALJ's credibility determinations, "so long as such determinations are supported by good reasons and substantial evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). Even if this Court finds evidence supporting two inconsistent positions, if "one of those positions represents the ALJ's findings, [then] the [C]ourt must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011). Here, good reasons and substantial evidence support the ALJ's conclusion that Lindsley's statements concerning the intensity, persistence, and limiting effects of her symptoms are not credible because they are inconsistent with the residual functional capacity assessment. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir.

-4-

2011). Contrary to Lindsley's testimony that her pain was disabling, her doctors encouraged her to maintain an active lifestyle and did not impose restrictions. She also did not display any of the observable manifestations of severe pain, such as weight loss, muscle atrophy, muscle spasms, or adverse neurological signs. It is clear that Lindsley is in some pain all of the time, however, and the ALJ did account for that fact when he restricted her to light exertion jobs.

Overall, the ALJ's opinion shows his careful consideration of all Lindsley's medical problems, including her chronic pain. In making his decision, the ALJ discussed her doctors' opinions, her subjective pain complaints and limitations, and her daily activities. The ALJ's determinations that Lindsley is not disabled, that her pain complaints are not totally credible, and that she can still perform light work are supported by substantial evidence. The denial of benefits is affirmed with a correction and a supplement to the ALJ's findings: #6 should reflect that Lindsley is *not* capable of performing her former job as a heavy equipment operator, which is clear from other parts of the ALJ's findings and the record; and #2 should be supplemented to note that, though Lindsley worked some in 2008, the

record contains insufficient evidence to find substantial gainful activity within the meaning of the regulation. 20 C.F.R. § 404.1520(b).

To the extent that Lindsley believes that her recent fall and use of a walker, as a safety precaution, show a deterioration of her functional ability, she must file a new application to have the SSA evaluate her functioning for the period following the ALJ's 15 June 2011 decision. *Bergmann v. Apfel*, 207 F.3d 1065, 1069 (8th Cir. 2000).

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

4 December 2012